IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA KNIZNER | ) | CASE NUMBER: 1:20-cv-02776 |
| Plaintiff | ) ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| v. | ) ) | **SEPARATE ANSWER ON BEHALF OF** |
| COSTCO WHOLESALE CORPORATION, et al. | ) ) ) | **DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM** |
| Defendants | ) | **(Jury demand endorsed herein)** |

Now comes Defendant Costco Wholesale Corporation ("Costco") who for its Separate Answer to Plaintiff's Complaint states as follows:

1. Costco denies for want of knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Costco admits the allegations contained in paragraph 2 of the Complaint only insofar as it is alleged that this Defendant does business in the State of Ohio, and further denies the balance of the allegations contained in paragraph 2.

3. Costco denies for want of knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 4, 5 and 6 of the Complaint.

4. Costco denies the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13 and 14 of the Complaint.

## **AFFIRMATIVE DEFENSES**

5. Costco affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. Costco affirmatively states that Plaintiff failed to join necessary parties to this action.

7. Costco affirmatively states that Plaintiff failed to join indispensable parties to this action.

8. Costco affirmatively states that Plaintiff's action was not timely commenced and thus is barred by the applicable statute of limitations.

9. Costco affirmatively states that the negligence of Plaintiff was comparatively greater than the negligence of the Defendant, if any.

10. Costco affirmatively states that Plaintiff's alleged injuries, if any, were caused by Plaintiff's negligence.

11. Costco affirmatively states that Plaintiff's damages, if any, were proximately caused by a third party over which Defendant exercised no control. In this regard, Costco expressly gives notice of its intention to apply the Apportionment Statute under O.R.C. §2307.22 et seq. and to designate responsible third parties from whom the Plaintiff does not seek recovery under O.R.C. §2307.23 et seq.

12. Costco affirmatively states that pursuant to R.C. § 2307.23, Plaintiff's claims against Defendant must be reduced by the proportion of fault attributed to one or more persons from whom the Plaintiff does not seek recovery in this action or for which Plaintiff has settled or resolved its claims, as found by the finder of fact.

13. Costco affirmatively states that Plaintiff's injuries, if any, were caused solely and exclusively by the acts or omissions of third parties over whom this Defendant exercises no authority or control.

14. Costco reserves the right to add additional affirmative defenses that may be discovered during the course of discovery.

WHEREFORE, Costco prays that Plaintiff's Complaint against it be dismissed with prejudice at Plaintiff's cost.

### JURY DEMAND

A trial by jury is hereby demanded as to all issues presented by the maximum number of jurors permitted by law.

### COSTCO'S CROSS-CLAIM AGAINST CO-DEFENDANTS, NATURAL SELECTION FOODS, LLC dba EARTHBOUND FARM, LLC AND DANONE NORTH AMERICA

Now comes Costco who for its Cross-Claim against Co-Defendants Natural Selection Foods, LLC dba Earthbound Farms, LLC and Danone North America (hereinafter referred to as "Co-Defendants"), and states the following:

1. Costco incorporate by reference for the sole and exclusive purpose of asserting this Cross-Claim the Complaint of the Plaintiff and Defendant's Separate Answer thereto.

2. The incident described in Plaintiff's Complaint occurred as a result of the sole negligence of Co-Defendants.

3. As a result of the incident, Plaintiff claims that she was injured and sustained damages.

4. That in the event of a judgment against Costco, it is because of the negligent acts of Co-Defendants.

5. Then and in that event, Costco is entitled to indemnification from Co-Defendants to the extent of any such judgment.

6. In the alternative, Costco says that Co-Defendants are joint tortfeasors and, accordingly, Costco is entitled to contribution from Co-Defendants.

WHEREFORE, Costco demands judgment against Co-Defendants for all sums that Plaintiff may receive in judgment against Costco, and in the alternative, Costco is entitled to contribution from Co-Defendants for their proportionate share of the common liability to Plaintiff, together with the cost of this action.

## JURY DEMAND

A trial by the maximum number of jurors permitted by law is hereby demanded.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
29010 Chardon Road
Willoughby Hills OH  44092
Ph:  (216) 348-1700
Fax:  (216) 621-0602
E-mail: dfogarty@davisyoung.com
*Attorney for Defendant Costco Wholesale Corporation*

## S E R V I C E

I hereby certify that Defendant Costco Wholesale Corporation's Answer and Cross-Claim were electronically filed with the Court on December 22, 2020.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.  Parties may access this filing through the Court's case management and electronic case filing system.  A true copy of the foregoing was also served by electronic mail on December 22, 2020 upon the following:

Richard L. Demsey, Esq.
Justin D. Gould, Esq.
Richard L. Demsey Co., LPA
U.S. Bank Centre
1350 Euclid Avenue, Suite 1550
Cleveland, OH 44115
Email: rdemsey@demseylaw.com
	jgould@demseylaw.com

and via U.S. Mail to:

Natural Selection Foods, LLC dba Earthbound Farm, LLC
c/o John Mazzei, Statutory Agent
150 Main Street, Suite 400
Salinas, CA 93901

Danone North America
12002 Airport Way
Broomfield, CO 80021

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
*Attorney for Defendant Costco Wholesale Corporation*