UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Paula Knizer, | ) | CASE NO. 1:20 CV 2776 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Costco Wholesale Corporation, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion for Summary Judgment. (Doc. 19). Plaintiff did not oppose the motion. For the following reasons, the motion is UNOPPOSED and GRANTED.

**Facts**

Plaintiff Paula Knizer filed this Complaint against defendants Costco Wholesale Corporation, Natural Selection Foods LLC dba Earthbound Farm LLC, Danone North America, and John Does in the Cuyahoga County Common Pleas Court. The case was removed to federal court. Plaintiff alleges that she purchased Earthbound Farm Organic Spring Mix at Costco on

1

November 8, 2018. She consumed some of the spring mix on November 16, 2018, and became ill due to the product containing what was believed to be e-coli. She sought medical treatment on November 18, 2018, and discovered then that she had e-coli food poisoning. Plaintiff alleges that the spring mix was defective withing the meaning of Ohio Revised Code § 2307 and that defendants were negligent.

This matter is now before the Court upon defendants' Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendants move for summary judgment arguing that plaintiff cannot establish either negligence or a violation of the Ohio Revised Code in the absence of an expert opinion. The expert testimony is necessary in order for plaintiff to establish that the allegedly contaminated salad mix was the proximate cause of her alleged physical injuries. *See Botnick v. Zimmer, Inc.*, 484 F. Supp. 2d 715, 724 (N.D. Ohio 2007) (citations omitted) ("Under Ohio law, a plaintiff must present expert medical testimony to establish causation when she asserts a specific physical injury, the cause for which is not within common knowledge.") The motion is supported by the affidavits and expert reports of Drs. Mohamed Naem and Alan Melnick who opine that proximate cause is lacking. (Doc. 19 Exs. A and B). Plaintiff does not oppose the motion and, therefore, does not dispute defendants' arguments or counter the evidence. It is

well-established that

> '[W]hen faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden.' *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ('[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.' (quoting *Carver v. Bunch*, 946 F.2d 451, 454 55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.' *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). 'The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact.' *Jones v. Kimberly Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

*Din Malik v. Landstar Express Am.*, 2021 WL 6063647, at *3 (E.D. Mich. Dec. 22, 2021).

This Court has reviewed defendants' unopposed motion and finds it fully supported by the law and evidence. In particular, plaintiff was required to establish her claim by expert opinion. She fails to do so. Nor does she counter the opinions of defendants' experts. Thus, the motion, which is fully incorporated in this Memorandum of Opinion and Order, is granted for the reasons stated therein.

### Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment is unopposed and granted.

IT IS SO ORDERED.

Dated: 1/24/22

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge